IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                    CAUSE NO. 1:17-CR-65-LG-RHW

BRIAN GALBRETH

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [64] Motion for Compassionate Release filed by the defendant, Brian Galbreth.  The Government has filed an opposition to the Motion, and Galbreth has filed a reply.  Having considered the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Galbreth's Motion should be denied.

## DISCUSSION

On November 11, 2018, Galbreth pled guilty to one count of possession of methamphetamine with intent to distribute.  He was sentenced to 360 months' imprisonment, 5 years' supervised release, a $20,000 fine with interest waived, and a special assessment of $100.  He is currently serving his sentence at Yazoo City Medium FCI and is set to be released on May 31, 2043.

On August 21, 2020, Galbreth filed a *pro se* Motion for Compassionate Release with this Court.  He bases his Motion on the ongoing COVID-19 pandemic, claiming that his health places him in the high-risk category of persons subject to severe illness or death.  Specifically, he cites his Type 2 diabetes, high blood pressure, and obesity as risk factors.  In addition, his Motion notes that he had been exposed to COVID-19 in the facility in which he is housed and was never tested.  He

-1-

also asserts that the officers at the facility used face masks first, then gave the

masks to the inmates.  The Government opposes Galbreth's Motion, arguing (1) that

Galbreth has failed to present any "extraordinary and compelling reasons"

warranting a sentence reduction, and (2) that the Section 3553(a) factors strongly

weigh against his release.

As an initial matter, the Court finds that Galbreth has exhausted his

administrative remedies.  *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v.*

*Kennedy*, No. 1:18cr154, 2020 WL 3316993, at *2 (S.D. Miss. June 18, 2020).  To the

extent Galbreth requests the Court modify his sentence to home confinement, the

Court lacks the authority to order home confinement.  *See* 18 U.S.C. § 3621(b); *see*

*also United States v. Adcock*, No. 3:19-CR-00106, 2020 WL 2043811, at *3 (W.D. La.

Apr. 28, 2020).  As to Galbreth's request for a sentence reduction, a court can reduce

a sentence "if it finds that extraordinary and compelling reasons warrant such a

reduction" and "that such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The

Court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent

they are applicable.  *See* 18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has

not issued a relevant policy since the First Step Act amended 18 U.S.C. §

3582(c)(1)(A) to permit defendants to file motions for compassionate release.[1]

Regardless, the Court finds that the former policy statement continues to provide

---

[1] Prior to enactment of the First Step Act, only the Bureau of Prisons could file
motions for compassionate release.

helpful guidance for determining whether a defendant is entitled to compassionate

release.

In this case, Galbreth has not presented extraordinary and compelling

reasons as set forth under the relevant policy statement.  *See* U.S.S.G. § 1B1.13; *see*

*also* 18 U.S.C. § 3142(g).  As previously noted, Galbreth, a 41-year-old male, cites

his Type 2 diabetes, high blood pressure, and obesity as making him particularly

vulnerable to serious illness or death from COVID-19.[2]  As discussed in the Fifth

Circuit's decision of *United States v. Rivas*, the policy statement requires additional

factors to be examined when a defendant is not suffering from a terminal illness.[3]

No. 20-10360, 2020 WL 6437288, at *3 (5th Cir. Nov. 2, 2020) (citing U.S.S.G. §

1B1.13 cmt. n.1(A)(ii)).  Absent evidence of a terminal illness, the factors under the

policy statement must "'substantially diminish[] the ability of the defendant to

provide self-care within the environment of a correctional facility and from which he

or she is not expected to recover.'"  *Rivas*, 2020 WL 6437288, at *3 (citing U.S.S.G. §

1B1.13 cmt. n.1(A)(ii)).  Galbreth fails to demonstrate how his conditions

substantially diminish his ability to provide his own self-care, nor does he present

---

[2] Publications from the Centers for Disease Control and Prevention ("CDC")
recognize conditions such as obesity, severe obesity, and Type 2 diabetes as
increasing the risk of severe illness from COVID-19.  *See People with Certain
Medical Conditions*, Centers for Disease Control and Prevention,
https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-
medical-conditions.html (last visited Nov. 16, 2020).  Likewise, the CDC indicates
high blood pressure may also increase the risk of severe illness from COVID-19.  *Id.*

[3] "Terminal illness" includes a serious and advanced illness with an end of life
trajectory.  U.S.S.G. § 1B1.13 cmt. n.1(A)(i).  "Examples include metastatic solid-
tumor cancer, amyotrophic lateral sclerosis (ASL), end-stage organ disease, and
advanced dementia."  *Id.*

evidence that he is not expected to recover.  *See Rivas*, 2020 WL 6437288, at *3.  In

fact, his *pro se* Motion indicates that he takes "medications daily" for several of his

conditions.  (*See* Def.'s Mot., at 1, ECF No. 64; *see also* Medical Records, ECF No.

75).  Furthermore, preexisting medical conditions that place a defendant at

increased risk are not in and of themselves sufficient to establish extraordinary and

compelling reasons justifying a reduction in sentence.  *See, e.g.*, *United States v.

Jordan*, 3:92-CR-42, 2020 WL 5118052, at *6 (S.D. Miss. Aug. 31, 2020) (citation

omitted); *United States v. Olejniczak*, No. 1:15-CR-142, 2020 WL 2846591, at *4

(W.D.N.Y. June 2, 2020).

Galbreth's generalized fear of contracting COVID-19 does not justify

compassionate release.  *See Jordan*, 2020 WL 5118052, at *6 (citations omitted).  In

his Motion, Galbreth claims that the living conditions at Yazoo City Medium, where

Galbreth is currently housed, make it impossible to avoid exposure to the virus.  He

argues that he has been forced to wear used face masks, and that he has been

exposed to COVID-19 but was never tested.  This Court has held that "'the mere

existence of COVID-19 in society' and, consequently, the prison system 'cannot

independently justify compassionate release, especially considering BOP's statutory

role, and its extensive and professional efforts to curtail the virus's spread.'"  *United

States v. Williams*, No. 2:16-cr010, 2020 WL 4210476, at *3 (S.D. Miss. July 22,

2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).  According

to the Government, the Bureau of Prisons has taken significant measures to protect

the health of the inmates in its charge.  *See, e.g.*, *United States v. Walker*, No. 3:03-

CR-30, 2020 WL 5899435, at *5 (S.D. Miss. Oct. 5, 2020) (recognizing the Bureau of

Prison's "program to address COVID-19 concerns and its effects on the inmate

population"). Galbreth has not shown that inmates are currently not receiving

adequate medical attention if they contract the virus. *See United States v. Randall*,

No. 11-0317-08, 2020 WL 6585659, at *4 (W.D. La. Nov. 9, 2020). Additionally,

Galbreth has not set forth evidence that the inmates have been wearing used face

masks recycled by the prison guards. As such, the Court finds Galbreth's concerns

not an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A)

justifying his release.

The Section 3553 factors also disfavor a sentence reduction. *See* 18 U.S.C. §

3553(a). Galbreth pled guilty to the count listed against him in the indictment.

After considering several special offense characteristics, Galbreth's total offense

level was 39. The Presentence Investigation Report ("PSI") attributed Galbreth as

having an aggravating role in the offense, and committed the offense as part of a

pattern of criminal conduct engaged in as a livelihood. (*See* Present. Invest. Rep., at

¶ 61, at 15, ECF No. 43). The PSI also reflects that Galbreth has been previously

convicted of several minor drug offenses, for which he served time. (*See id.*, at ¶¶

72-73, 77, at 16, 18, ECF No. 43). Although the sentencing guideline was 360

months to life based upon his offense and criminal history, Galbreth benefited from

receiving the lower end of the recommended guideline range. (*See id.* at ¶ 107, at

23). The Court finds that, under these circumstances, a reduction in Galbreth's

-6-

sentence would not reflect the gravity of the offense.  Therefore, it cannot disturb his sentence given the circumstances surrounding his conviction.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [64] Motion for Compassionate Release filed by the defendant, Brian Galbreth, is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the 19th day of November, 2020.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE