IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BRIAN GALBRETH**                                                                  **PETITIONER**

v.                                                                        **CAUSE NO. 1:17CR65-LG-RHW-1**
                                                                          **CIVIL ACTION NO. 1:20CV322-LG**

**UNITED STATES OF AMERICA**                                          **RESPONDENT**

**ORDER DENYING MOTION FILED PURSUANT TO 28 U.S.C. § 2255**

**BEFORE THE COURT** is the [72] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Petitioner Brian Galbreth. Petitioner pled guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 846. He was sentenced to 360 months' imprisonment, five years' supervised release, a $20,000 fine with interest waived, and a special assessment of $100. Petitioner now asks the Court to vacate his sentence pursuant to § 2255 based on allegations of ineffective assistance of counsel.

After carefully reviewing the submissions of the parties, the affidavits of Petitioner's trial counsel, the record in this matter, and the applicable law, the Court finds that the Motion should be denied. Petitioner has waived his § 2255 claims and has otherwise failed to satisfy the *Strickland* test for ineffective assistance of counsel.

## BACKGROUND

On December 11, 2018, Petitioner agreed to plead guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine pursuant to a written plea agreement with the Government. He also agreed to waive his right to appeal his sentence or to attack his sentence collaterally under § 2255.

The United States Probation Office then prepared a Presentence Investigation Report ("PSR"). The Petitioner did not submit any objections to the PSR. Thereafter, on March 12, 2019, the Court adopted the PSR without change and sentenced Petitioner to a term of imprisonment of 360 months, five years' supervised release, a $20,000 fine with interest waived, and a special assessment of $100. Petitioner filed a notice of appeal, but his appeal was dismissed so Petitioner may seek § 2255 relief with this Court.

In the instant Motion, Petitioner asks the Court to vacate his sentence on grounds that he told his attorney he wanted a suppression hearing in order to suppress statements and evidence irrelevant to his case. He claims that he informed his attorney about a Fifth Circuit Court of Appeal case related to his case, namely, *United States v. Nimerfroh*, 716 F. App'x 311 (5th Cir. 2018). However, his attorney allegedly said that he would receive 11-13 years, so there was no need for a

suppression hearing. Petitioner's attorney, Mr. Doyle L. Coats,[1] and the Government have each responded to Petitioner's Motion.

## DISCUSSION

28 U.S.C. § 2255(a) provides four grounds for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." A defendant may, as part of a plea agreement, waive the right to seek post-conviction relief, including relief pursuant to § 2255. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Where, as here, a defendant has pleaded guilty and waived his right to file a motion pursuant to § 2255, the only ineffective assistance of counsel claim to survive the waiver is one claiming the ineffective assistance "directly affected the validity of waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Thus, the Court asks "whether the plea or waiver itself was knowing and voluntary, and whether the issue challenged on appeal may properly be the subject of waiver. If the answer to both questions is 'yes,' then the guilty plea sustains the conviction and sentence and the waiver can be enforced." *Id.* at 343-44.

Where the waiver does not apply and the defendant may proceed with his ineffective assistance of counsel claim, he must satisfy the two-prong test set forth

---

[1] Mr. Coats was substituted as Petitioner's attorney due to potential conflicts of interest with the Office of the Federal Public Defender. (*See* Order Substit. Counsel, ECF No. 37).

in *Strickland v. Washington*, 468 U.S. 668 (1984), to establish that he is entitled to relief. Specifically, he "must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense." *Woodward v. Epps*, 580 F.3d 318, 325 (5th Cir. 2009). "[T]o establish deficient performance, a [defendant] must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Id.* (citation, quotation marks, and brackets omitted). "With respect to guilty pleas, the prejudice requirement 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (citation omitted). A defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Petitioner does not allege that but for his counsel's deficient performance he would not have entered a guilty plea. In addition the record reflects that Petitioner's guilty plea and his waiver of rights were knowing and voluntary, and he has not shown that the alleged ineffective assistance of counsel affected the validity of his plea or his waiver. Therefore, the argument contained in Petitioner's § 2255 Motion is waived.

In the alternative, the Court finds that Petitioner has not demonstrated ineffective assistance of counsel on the part of his attorney. As previously noted, Petitioner claims that he asked his attorney for a suppression hearing, but his attorney reassured Petitioner that he would receive "11-13 years," so he would not

need a suppression hearing.  (*See* Pet.'s Mot., at 4, ECF No. 72).  Petitioner did not state the reason for requesting a hearing except to "suppress statements and evidence irrelevant to my case." *Id.*  In response to these allegations, his attorney, Mr. Coats, admits that Petitioner "mentioned his desire to suppress the witnesses against him if this case were to proceed to trial, but there is no Fourth Amendment basis to suppress such witness testimony, and I am unaware of no viable Fourth Amendment challenge that was available to him."  (Supp. Aff., at ¶ 5, at 1-2, ECF No. 82).  Rather, when presented with the opportunity, Petitioner voluntarily accepted the terms of his guilty plea, "knowing full well that in doing so he was giving up any opportunity to pursue any challenge to the Government's anticipated proof at trial since there would be no trial."  (*Id.* at ¶ 6, at 2).

An attorney's failure to file a suppression motion is not per se ineffective assistance of counsel.  *See Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).  A determination of ineffectiveness "depends on whether either a suppression motion or an objection would have been granted or sustained had it been made." *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987).  The defendant must show that counsel's inaction amounts to deficient representation that actually prejudiced the defense.  *Strickland*, 466 U.S. at 687.  However, Petitioner may not "merely allege" ineffective assistance of counsel; "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient" to meet Strickland standards.  *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) (citations omitted).

In the instant case, Petitioner has failed to show that he was prejudiced by Mr. Coats' representation. *See Strickland*, 466 U.S. at 687. The record reflects that the Government intended on calling at least five witnesses to prove that Petitioner was a major distributor and source for methamphetamine along the Mississippi Gulf Coast. (*See* Plea Hearing Tr., at 15-17, ECF No. 57). Petitioner's only opposition to this witness testimony is that they "were irrelevant to my case." (Pet.'s Mot., at 4, ECF No. 72). Relevance is an invalid ground for a motion to suppress. In fact, the testimony appears relevant because it forms the foundation of the Government's case against Petitioner. (*See* Plea Hearing Tr., at 15-17, ECF No. 57; *see also* Present. Invest. Rep., at ¶¶ 14-34, at 5-9, ECF No. 43). Given these facts, the Petitioner has failed to show that a motion to suppress would have been availing and the Court finds that a motion to suppress would have been fruitless. Lawyers are "not required to make futile motions or objections" to avoid a finding of deficient performance under the *Strickland* test. *Garcia v. Stephens*, 793 F.3d 513, 525 (5th Cir. 2015). In addition, based on counsel's representations, accepting the government's plea agreement and proceeding without a suppression motion was a strategy embraced by the Petitioner. Therefore, Petitioner has failed to demonstrate deficient performance or prejudice, and his § 2255 Motion must be denied.[2]

---

[2] Mr. Coats further states that Petitioner's reliance on *Nimerfroh* is misplaced, as that case does not address any suppression issue. (*See* Suppl. Aff., at ¶¶ 7-8, at 2, ECF No. 82). The Court agrees. *Nimerfroh* discussed whether referencing the word "cartel" was sufficient to prove that a defendant was dealing imported methamphetamine for the purpose of implementing a two-level sentencing enhancement pursuant to U.S.S.G. § 2D1.1(b)(5). The Fifth Circuit found the facts

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [72] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Petitioner Brian Galbreth is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 14th day of January, 2021.

s/ *Louis Guirola, Jr.*<br>LOUIS GUIROLA, JR.<br>UNITED STATES DISTRICT JUDGE

---

before it insufficient, but ultimately concluded no reversible error was committed. *See Nimerfroh*, 716 F. App'x at 316.